[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14885
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-23270-FAM

MARIA ANDREU,
an individual,

                                                              Plaintiff-Appellant,

versus

HEWLETT-PACKARD COMPANY,
a Delaware Corporation,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Andreu appeals the district court's grant of summary judgment in an action under the Fair Labor Standards Act (FLSA) against her former employer Hewlett-Packard Company.  Andreu argues that the district court erred by granting summary judgment on (1) her claim of sex discrimination under 29 U.S.C. § 206(d) of the FLSA and (2) her claim of retaliation under § 215(a)(3).

We review de novo a grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).  Summary judgment is appropriate when there is no genuine issue of material fact.  Fed. R. Civ. P. 56(a).

## I.

Section 206(d) prohibits an employer from paying, without justification, different wages to employees of different sexes (1) who perform equal work on jobs that require equal skill, effort, and responsibility (descriptive component) and (2) who work at the same establishment (geographic component).  The plaintiff has the initial burden to establish these two components.  *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir. 1994).  Andreu's only evidence in support of the descriptive component is a list of male employees who share her job title (Finance Manager II) and the job description for a Finance Manager II.  "Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance."  29 C.F.R. § 1620.13(e).

2

Andreu's sex discrimination claim fails because she submitted no evidence that the job description accurately reflected the actual work by a male Finance Manager II. In other words, Andreu submitted no evidence of a male Finance Manager II who performed comparable work. Because Andreu fails to establish the descriptive component, we need not discuss the geographic component.

## II.

Section 215(a)(3) prohibits an employer from retaliating against an employee for asserting a right under the FLSA. A prima facie case of FLSA retaliation requires a showing of (1) an activity protected under the statute; (2) a subsequent adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). In demonstrating causation, the employee must prove that the adverse action would not have occurred "but for" the protected activity. *Id*. at 1343. Andreu's only argument in support of causation is temporal proximity (approximately two months) between an internal complaint about her salary and her termination. And Hewlett-Packard offers evidence that, approximately two months before the internal complaint, it placed Andreu on administrative leave; conducted an investigation of her accounting practices; and contemplated her termination. Andreu's retaliation claim fails because she

3

submitted no evidence establishing a causal connection between her internal complaint and her termination.

## III.

The district court correctly granted summary judgment for Hewlett-Packard and against Andreu.  Accordingly, we affirm.

**AFFIRMED.**